UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA HOSKINS-HARRIS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV321 JCH |
| ) | |
| TYCO/MALLINCKRODT HEALTHCARE, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant UAW Local 1887's Combined Motion for Attorney's Fees and Memorandum in Support Thereof (Doc. No. 84), filed May 28, 2008. This matter has been fully briefed and is ready for disposition.

## DISCUSSION

### I. Background

Plaintiff's employment with Mallinckrodt was terminated because Plaintiff fought with another female employee. Plaintiff filed a grievance with the Union alleging that she was "unjustly terminated" and "treated unfairly" for defending herself. That day, the Union filed a grievance with Mallinckrodt to protest Plaintiff's termination. The Union met with Plaintiff and investigated her claim, but could not determine which of the employees started the altercation. When the Union Bargaining Committee ("Committee") and Mallinckrodt Human Resources met, the Committee asked Mallinckrodt to rehire both women, but Mallinckrodt refused to hire either woman back. Thereafter, the Committee conducted its own investigation of the events and unanimously voted not to pursue arbitration for either woman. The Committee found only one other case where an hourly employee was charged with violating the no-fighting rule, and that employee's employment was terminated.

The International Representative for the Union told the Committee that he believed the Plaintiff would lose in arbitration because the employees' fight violated Mallinckrodt policy, it was unclear which woman was the aggressor, neither woman was credible, and no favorable arbitration precedent existed. Plaintiff appealed the Committee's decision to the Union's general membership, but the membership rejected her appeal. Plaintiff also appealed to the International Executive Board of the United Auto Worker's Union, which denied her appeal.

In her Amended Complaint (Doc. No. 21), Plaintiff alleged a claim for breach of the duty of fair representation against UAW Local 1887.[1] To establish this claim, Plaintiff had to prove that "the Union's 'handling of his grievance was perfunctory, arbitrary, discriminatory, or in bad faith.'" Lindley v. Allied Sys., No. 04-187, 2006 U.S. Dist. LEXIS 7840, at *19 (W.D. Mo. Mar. 1, 2006) (citing Brown v. Trans World Airlines, Inc., 746 F.2d 1354, 1357 (8th Cir. 1984)). On May 14, 2008, this Court granted the Union's Motion for Summary Judgment (Doc. No. 79). This Court found that the Union's conduct was not arbitrary, discriminatory or in bad faith.

**II.  Legal Standard**

"The award of attorney's fees lies within the sound discretion of the district court." Obin v. International Ass'n of Machinists & Aerospace Workers, 651 F.2d 574, 586 (8th Cir. 1981). A district court has "broad discretion" in determining the amount of an attorneys' fee award. Keslar v. Bartu, 201 F.3d 1016, 1017 (8th Cir. 2000). The trial court is considered an expert in the reasonableness of attorneys' fees. TrimFit, LLC v. Dickey, No. 4:06-CV-49, 2008 U.S. Dist. LEXIS 101091, at *19 (E.D. Mo. Nov. 6, 2008) (citing McClain v. Papka, 108 S.W.3d 48, 54 (Mo. Ct. App. 2003)); American Bank of Princeton v. Stiles, 731 S.W.2d 332, 339 (Mo. Ct. App. 1987).

---

[1] Plaintiff titled this claim "breach of agreement and/or fiduciary responsibility against UAW Local 1887." Plaintiff also raised a Title VII claim against Mallinckrodt, which is not relevant to this Motion.

"Absent a statute or an enforceable contract, litigants in federal court should pay their own attorney's fees." Taylor v. Belger Cartage Service, Inc., 102 F.R.D. 172, 175 (W.D. Mo. 1984) (citing Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)). There is no statute specifically authorizing the award of attorney's fees to a prevailing party in a § 301 fair representation case. Taylor, 102 F.R.D. at 175. "[A]n award of attorney's fees may be proper in an action under section 301 for breach of contract or in a suit for breach of the duty of fair representation, even in the absence of express statutory authorization, if the losing party has acted in bad faith." Obin, 651 F.2d at 577 (citations omitted); see also 28 U.S.C § 1927 ("[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct"). "'A plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Cote v. James River Corp., 761 F.2d 60, 61 (1st Cir. 1985) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1977)).

**III.   Discussion**

The Union claims that it is entitled to attorney's fees for defending this action. The Union relies on this Court's grant of summary judgment in its favor and the Court's finding that Plaintiff did not provide evidence to establish unfair representation by the Union. (Memorandum of Defendant UAW Local 1887 in Support of its Motion for Attorney's Fees ("Memorandum"), Doc. No. 95, ¶ 4). The Union also asserts that Plaintiff should be assessed its attorney's fees because Plaintiff continued to litigate in bad faith after she knew her claims were baseless. In support of this claim, the Union states that the National Labor Relations Board ("NLRB"), the Equal Employment

Opportunity Commission ("EEOC"), and the UAW's International Executive Board ("IEB") determined Plaintiff's claim of unfair representation to be without merit.[2] (Memorandum, ¶¶ 6-7).

The case law does not support a finding that Plaintiff's pursuit of her case against the Union was in bad faith sufficient to warrant an attorney's fee award. In the case cited by the Union, the First Circuit upheld the award of attorney's fees to the union because the plaintiff pursued her claim after she became aware that it was time-barred. Cote, 761 F.2d at 61. The attorney's fee award was justified because plaintiff continued the litigation after she was alerted that "there were no grounds on which she could prevail." Id. Unlike in Cote, the Court finds that Plaintiff had a colorable claim of unfair representation when she appealed the Union's decision not to pursue her claims.[3] Plaintiff's appeal of the Union's determination does not rise to the level of bad faith that was present in Cote. See Kelley v. NSP/Xcel Pension Plan, No. 06-2734, 2007 U.S. App. LEXIS 1667, at *2-3 (8th Cir. 2007) (refusing to remand for an award of attorneys' fees for the filing of a frivolous lawsuit even though "[t]he district court granted summary judgment in favor of the defendants on all claims, finding that Mr. Kelley presented no evidence that would allow a reasonable fact finder to conclude that the union's handling of his grievance was arbitrary, discriminatory, or in bad faith"); see also Obin, 651 F.2d at 588 (award of fees to the Union against the plaintiff was erroneous because there was no evidence of bad faith on the part of the plaintiff where the Union had previously defended him

---

[2]As noted by Plaintiff, the EEOC did not find that Plaintiff's claims were without merit. Rather, the EEOC issued a right to sue letter against Mallinckrodt. (See Doc. No. 3-2). Moreover, Plaintiff filed a charge of discrimination with the EEOC for discrimination against Mallinckrodt, but the Union was not included in that charge, as indicated by the Dismissal and Notice of Rights. (Id.)

[3]The Court notes that the Union's decision was made, in part, based upon the subjective determination that Plaintiff "was not credible." (Doc. No. 79, p. 11). Further, there was only one case that was directly on point, although it was adverse to Plaintiff's position. (Id.)

in each dispute with management over company rules and practices and fully processed his prior grievances).

This Court finds that the Union has not provided sufficient evidence that Plaintiff's Complaint was brought in bad faith or was a frivolous lawsuit. Plaintiff made colorable claims that survived a Motion to Dismiss. After reviewing and analyzing the law and facts, the Court ultimately granted the Union's Motion for Summary Judgment. The mere fact that the Court agreed with the findings of the NLRB and IEB and granted the Union's Motion for Summary Judgment, however, is insufficient to support a finding that Plaintiff should be liable for the Union's attorney's fees. Ark. Dep't of Envtl. Quality v. Pfeifer, No. 03-3151, 2004 U.S. App. LEXIS 17464, at *4-5 (8th Cir. 2004) ("An award of attorney's fees is not necessarily justified merely because a party loses on summary judgment."). The Court denies the Union's Motion for Attorney's Fees.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant UAW Local 1887's Combined Motion for Attorney's Fees and Memorandum in Support Thereof (Doc. No. 84) is hereby **DENIED**.

Dated this 22nd day of January, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE